**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:25-cv-01795-HEA |
| | ) | |
| DANIEL KEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Douglas Smith's Application to Proceed in District Court Without Prepaying Fees and Costs.  Based on Plaintiff's financial information, the Court grants his application and assesses an initial partial filing fee of $45.85.  Additionally, for the following reasons, the Court dismisses without prejudice Plaintiff's complaint for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1).  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the

prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a transaction ledger from the St. Charles County Jail for the period from August 21, 2025 to December 16, 2026. Based on this information, the Court finds that Plaintiff has an average monthly deposit of $229.25. The Court will assess an initial partial filing fee of $45.85, which is 20 percent of Plaintiff's average monthly deposit.

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for

-2-

relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Serv. LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-915 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983, alleging Defendants are imprisoning him under unconstitutional conditions of confinement.

He names as Defendants Daniel Keen, Director of the St. Charles County Jail, and Sergeants Oliver Unknown and Unknown Roberson.  He sues both Defendants Keen and Oliver in their individual and official capacities, but does not state in what capacity he sues Defendant Roberson.

Plaintiff states that on November 2, 2025, he asked a correctional officer (CO) if his meal contained onions because he is allergic to onions.  The CO responded that the vegetable soup did not have onions, but this was incorrect.  Plaintiff states that he had an allergic reaction.  He told Sgt. Roberson he was having an allergic reaction and Roberson said, "Welcome to jail."  Doc. 1 at 3.

Additionally, Plaintiff alleges he wrote a grievance complaining about the amount of food served at the jail, and the jail did not respond.  He states he received only "2 tablespoons of food with more water than actual food."  *Id.*  On November 27, 2025, Plaintiff asked Defendant Oliver "why we were locked down," and Oliver responded "cuz you're a stinky ass bitch" and "keep writing grievances about onions and food."  *Id.*

On November 25, 2025, Plaintiff asked Sgt. Roberson why the inmates at the St. Charles County jail were all "either poor or black," and Roberson responded that it was to "keep certain people out of St. Charles."  *Id.*

-4-

Plaintiff states that he has suffered allergic reactions and mental anguish. For relief, he seeks an unspecified amount of compensatory damages and $1 million in punitive damages.

**Discussion**

**I.      Defendant Daniel Keen**

Plaintiff sues the Director of the St. Charles County Jail, Daniel Keen, in his individual and official capacities. Although Plaintiff names Keen in the caption of his complaint, he makes no allegations against him. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993). Plaintiff has made no factual allegations against Keen such that the Court could find him liable for any alleged misconduct. For these reasons, Plaintiff's complaint will be dismissed as to Defendant Keen.

**II.     Defendants Sergeant Oliver Unknown and Unknown Roberson**

As to Defendants Sgts. Oliver Unknown and Unknown Roberson, Plaintiff alleges these officer verbally harassed him. He states that he asked Oliver why the jail was locked down and Oliver responded "cuz you['re] a stinky ass bitch" and "keep writing grievances about onions and food." Doc. 1 at 3. When he asked Sgt.

Roberson why everyone in the jail was either poor or black, Roberson responded, "[T]o keep certain people out of St. Charles!"  Liberally construed, Sgt. Oliver and Roberson's statements can be characterized as name calling and possibly verbal threats.  Neither are actionable under § 1983.

Generally name calling by correctional officers toward inmates is not considered a constitutional violation.  *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) ("Name calling is not a constitutional violation").  Nor are mere verbal threats considered a constitutional violation.  "Generally, mere verbal threats made by a state-actor do not constitute a [42 U.S.C.] § 1983 claim."  *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983").  For these reasons, the Court will dismiss Plaintiff's claims against Defendant Sgt. Oliver Unknown and Sgt. Unknown Roberson.

## III.   Defendant Unknown Roberson

In addition to the allegations of verbal harassment against Defendant Roberson, Plaintiff alleges Roberson ignored his allergic reaction to onions by stating, "Welcome to jail."  Doc. 1 at 3.  In determining whether the conditions of confinement for pretrial detainees is unconstitutionally punitive, the Eighth Circuit has applied the deliberate indifference standard.  *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).  To that end, the Eighth Circuit has held "that deliberate

indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006).

"A plaintiff may demonstrate violation of his constitutional rights by evidence 'that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.'" *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (quoting *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992)). "[A] prisoner may properly allege a constitutional violation by demonstrating significant weight loss or other adverse physical effects from lack of nutrition." *Id.*

Although Plaintiff alleges that he suffered an allergic reaction after consuming onions, he has not specified any symptom of his allergic reaction or whether he required medical attention. He does not allege a serious medical need was ignored. Because Plaintiff has not alleged any details concerning his physical reaction to being served onions or whether he required medical attention, he has not shown any "immediate danger to his health, or that his health suffered as a result of the food." *Ingrassia*, 825 F.3d at 897. For this reason, Plaintiff's claims against Defendant Roberson do not rise to the level of a plausible constitutional claim.

-7-

**Conclusion**

For these reasons, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  [Doc. 3]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $45.85 within 30 days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot.  [Doc. 2]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

-9-

Dated this 26th day of  May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE